91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alexander McLAREN, Plaintiff-Appellant,
v.
EG & G DYNATREND, INC., Defendant-Appellee.
 No. 94-36017.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexander McLaren appeals pro se the dismissal of his action against EG & G Dynatrend, an auctioneer of government property. McLaren alleged fraud, violations of federal regulations, breach of contract, and other claims. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the dismissal de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), we affirm essentially for the reasons stated by the district court and the magistrate judge.
 
 
 3
 McLaren offered the highest bid for a fishing boat, the F/V Jinn Yin # 1. After defaulting on his bid and forfeiting a $10,000 deposit, McLaren challenged the auction on the ground that another bidder against whom McLaren competed was not properly qualified. Specifically, the other bidder submitted the required $10,000 deposit in the form of two $5,000 checks, one correctly made payable to U.S. Customs, the other payable to "F/V Jinn Yin." There is no dispute that the auctioneer's bankers would have accepted both checks and that EG & G Dynatrend accepted the checks on this belief. Nevertheless, McLaren contends his competitor was not a qualified bidder because the auction brochure specified that deposit checks must be made payable to U.S. Customs.
 
 
 4
 We agree with the magistrate judge that the defect in the other bidder's check was not material and therefore EG & G Dynatrend made no material misrepresentation or omission regarding the other bidder's qualifications. Furthermore, there was no material violation of federal regulations and, even assuming McLaren was contractually entitled to compete against only qualified bidders, there was no material breach. McLaren's argument that the district court failed to analyze sufficiently McLaren's pre-auction dealings with EG & G Dynatrend is without merit.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3